MADDOCK v. AMERICAN SUGAR–REFINING CO.

(District Court, D. Massachusetts. December 17, 1898.)

No. 594.

SHIPPING—BILL OF LADING—LIABILITY OF VESSEL FOR SHORTAGE IN CARGO.
   A vessel is not liable for a shortage in the number of bags of sugar set out in the bill of lading signed by the master, although such bill and the sugar represented by it have passed to a bona fide purchaser, where no fraud is charged, and it is conceded that all the sugar actually received on board, or which came into the hands of the master, was delivered.

This is a libel in admiralty by Henry Maddock against the American Sugar-Refining Company to recover a balance due for freight.

Convers & Kirlin and Carver & Blodgett, for libelant.
Russell & Russell, for respondent.

LOWELL, J.    The libelant, who is the owner of the steamship Salamanca, seeks to recover the balance of freight due for the carriage of sugar on the steamship from Cuba to Boston.    The respondent was the purchaser of the sugar, and seeks to offset against the unpaid balance the value of 37 bags of sugar.    The bills of lading, signed by the master of the Salamanca and assigned to the respondent, acknowledge the receipt on board the Salamanca of 11,640 bags, and the respondent paid value for this number of bags to the shipper; whereas the respondent contends that only 11,603 bags were delivered to it in Boston.    It is admitted, however, that all the bags received on board, whatever the number, were duly delivered.    As the case is presented, I have to determine if the vessel is liable for the shortage in the number of bags of sugar set out in the bill of lading, when the bill of lading and the sugar represented by it have passed to a bona fide purchaser. No fraud is charged against any one,—master, owner, shipper, or vendee.

The great weight of authority, both in England and in this country, seems to hold that the vessel is not liable in the case above stated. See The Freeman, 18 How. 182; Pollard v. Vinton, 105 U. S. 7; Railway Co. v. McFadden, 154 U. S. 155, 14 Sup. Ct. 990; Jessel v. Bath, L. R. 2 Exch. 267; Sears v. Wingate, 3 Allen, 103; The Loon, 7 Blatchf. 244, Fed. Cas. No. 8,499; Robinson v. Railroad Co., 9 Fed. 129; 1 Pars. Shipp. & Adm. 187; McLachlan, Shipp. 394; Legg. Bills Lad. 62. Several cases in New York to the contrary effect are admittedly opposed to cases which the supreme court has cited with entire approval. It is contended, indeed, that though the vessel be not liable for a shortage in weight, upon the ground that it is difficult, if not impossible, to weigh a cargo exactly, yet that the vessel is liable for a shortage in the number of cases or packages or other separate articles, inasmuch as these may be definitely counted.    Without discussing if the exact number of more than 10,000 bags of sugar can be ascertained more accurately than the weight of a cargo of coal, I find nothing in the authorities to support the distinction urged.

The decisions above quoted, and many others, are made to rest upon the principle that the master's apparent authority to bind the vessel and its owner does not extend to signing bills of lading for cargo not actually received on board, or, at any rate, delivered into his hands for shipment.    I must confess that this reasoning seems to me not altogether satisfactory.    I suppose that the statement of the bill of lading signed by the master is evidence of the receipt of the goods mentioned in it, even against the owner and the vessel.    See McLean v. Fleming, L. R. 2 H. L. Sc. 128, 130; Legg. Bills Lad. 225; Pars. Shipp. & Adm. 197.    It is hard to see how this can be so, if the master's authority extends only to goods actually received.    If his authority be so limited, his receipt of the goods must first be proved, in order to show that he is authorized to certify that they have been received.    Perhaps a better reason for the established doctrine may be that a bill of lading is not generally understood to be a representation to whomsoever it may concern that certain articles are in the hands of the carrier, but merely a receipt, which is, indeed, prima facie

evidence of the facts set out in it, but is also subject to contradiction as against even a bona fide holder thereof. Whatever be the grounds of the doctrine, however, I think it is established too firmly for this court to question it.

Decree in accordance with this opinion.